David H. Savidge, Esq. *Pro Hac Vice*, CO # 38658
Bryan E. Kuhn, Counselor at Law, P.C.
1660 Lincoln Street Suite 2330
Denver, Colorado 80264
Phone Number: (303) 424-4286
Fax Number: (303) 425-4013
E-mail: David.Savidge@beklegal.com
Attorney for Plaintiff Beverly Lancaster

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BEVERLY LANCASTER, an individual, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>THE DEPARTMENT OF VETERANS )<br>AFFAIRS; )<br>)<br>ROBERT WILKIE, in his official capacity as )<br>SECRETARY OF THE DEPARTMENT OF )<br>VETERANS AFFAIRS; )<br>)<br>UNITED STATES DEPARTMENT OF )<br>VETERANS AFFAIRS, ALASKA VA )<br>HEALTHCARE SYSTEM AT JUNEAU, )<br>ALASKA; )<br>)<br>UNITED STATES OF AMERICA; )<br>)<br>BOBBIE HJELMGREN, in her official and )<br>individual capacity, and )<br>)<br>DERRICK WILSON, in his official and )<br>individual capacity, )<br>)<br>DEFENDANTS. ) | Case No. _____ |

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, BEVERLY LANCASTER, by and through her undersigned counsel at the law offices of Bryan E. Kuhn, Counselor at Law, P.C., and submits her Verified Complaint against Defendants UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, ROBERT WILKIE, THE UNITED STATES OF AMERICA, BOBBIE HJELMGREN, and DERRICK WILSON, alleging as follows:

## INTRODUCTION

1. This is an employment discrimination and retaliation suit brought by a former employee of Defendant UNITED STATES DEPARTMENT OF VETERANS AFFAIRS (hereinafter "VA") and the UNITED STATES OF AMERICA, who was harassed and ultimately terminated from her employment in violation of state and federal law. Plaintiff complained of about the inappropriate and harassing actions of her co-worker and was ignored. She again about the inappropriate and harassing actions of her co-worker and was accused of misconduct and terminated.

2. Plaintiff asserts claims of harassment, discrimination, and retaliation on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff further asserts claims of harassment, discrimination, and retaliation on the basis of her gender under Alaska Stat. § 18.80.200, *et seq*. Finally, Plaintiff asserts state law claims against Defendants for *promissory estoppel*.

## PARTIES

3. The Plaintiff, BEVERLY LANCASTER (hereinafter "Plaintiff" or "Ms. Lancaster"), is a citizen of Juneau County who presently resides at 9029 Rosedale Street, Juneau, Alaska 99803.

4. The Defendant, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, (hereinafter "VA") is an executive department of the United States pursuant to U.S.C. § 201, *et. seq*. with its headquarters at the Veteran Affairs Building, 810 Vermont Avenue NW Washington, D.C., whose agent for the purpose of service of process is, located at Washington, D.C.

5. The Defendant, ROBERT WILKIE, in his official capacity as SECRETARY OF THE DEPARTMNET OF VETERANS AFFAIRS is the Secretary of the United States Department of Veterans Affairs whose agent for the purpose of service of process is the Office of the General Counsel located at 810 Vermont Ave. NW, Washington, DC 20420.

6. The Defendant, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, ALASKA VA HEALTHCARE SYSTEM AT JUNEAU, ALASKA (hereinafter "Alaska VA") is a medical facility under the direct control and direction of the VA whose agent for the purpose of service of process is the Office of Chief Counsel (644/200) located at 650 E. Indian School Rd., Bldg. 24, Phoenix, AZ 85012.

7. The Defendant, UNITED STATES OF AMERICA (hereinafter "USA") is the federal government whose agent for whose agent for the purpose of service of process

is the Attorney General of the United States located at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

8. The Defendant, BOBBIE HJELMGREN is an employee of Defendants UNITED STATES, VA, and ALASKA VA. She was at all times relevant to the allegations of this Complaint Plaintiff's direct supervisor.

9. The Defendant, DERRICK WILSON is an employee of Defendants UNITED STATES, VA, and ALASKA VA. He was at all times relevant to the allegations of this Complaint Plaintiff's co-worker.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, because the instant action revolves around federal questions arising between the Parties including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3(a), 2000e-16, 5 U.S.C. 2302, and 29 C.F.R. 1614.408. This Court has jurisdiction over Plaintiff's claims brought under Alaska state law pursuant to 28 U.S.C. § 1367(a) because they are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the instant case under 28 U.S.C. §1391(e) as Defendants are officers of the United States and its agencies acting under legal authority and a

substantial part of the events and/or omissions giving rise to the claims occurred in the District of Alaska.

13. At all relevant times, Plaintiff was an "employee", as set forth in 42 U.S.C. § 2000e(b) of Title VII and Alaska Stat. § 18.80.200, *et seq*.

14. At all relevant times, Defendants were covered by the definitions of "employer" set forth in 42 U.S.C. § 2000e(f) of Title VII and Alaska Stat. § 18.80.200, *et seq*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff satisfied her statutory obligation to exhaust administrative remedies by timely filing a formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 11, 2017, regarding the discriminatory conduct of Defendants complained of herein.

16. On February 26, 2020, Plaintiff received the Notice of Right to Sue from the EEOC and brings her Verified Complaint within ninety (90) days of having received that notice.

## FACTUAL ALLEGATIONS

17. On March 6, 2017, Plaintiff began working for the Governmental Defendants at the Alaska VA in Juneau, Alaska, as an Advanced Medical Support Assistant (hereinafter "AMSA"), subject to the terms of Defendant Alaska VA, VA, and USA's February 10, 2017 Offer Letter and other on-boarding documentation and agreements entered into by the Parties.

5

Lancaster v. Dep't of Veterans Affairs, Case No.: Case 3:20-cv-00111-JWS   Document 1   Filed 05/20/20   Page 5 of 19

18. The bulk of Plaintiff's work consisted of working in a coordinated care delivery clinic and performing clerical duties, customer service and other duties as assigned for the proper and treatment of patients.

19. Throughout her employment, Plaintiff performed her duties satisfactorily.

20. Defendant WILSON was hired at the same time as Plaintiff for the same position.

21. Plaintiff and Defendant WILSON were sent to the Alaska VA at Anchorage, Alaska for two weeks of initial training for their AMSA position from approximately March 6, 2017 through March 20, 2017.

22. During the Anchorage training period, Defendant WILSON attempted on several occasions to enter Plaintiff's automobile uninvited. Plaintiff refused to allow him to enter the vehicle.

23. As a result of these unwanted attempts, Plaintiff rented a much smaller vehicle to dissuade Defendant WILSON's conduct since he is approximately 6 feet 5 inches in height and would have a difficult time entering such a small vehicle.

24. In response to Plaintiff's responses to Defendant WILSON, Defendant WILSON stated that Plaintiff "would live to regret this decision."

25. During the same training period, a front desk reception employee of their hotel in Anchorage informed Plaintiff that Defendant WILSON repeatedly attempted to obtain Plaintiff's room number from the front desk personnel.

6

Case 3:20-cv-00111-JWS   Document 1   Filed 05/20/20   Page 6 of 19
Lancaster v. Dep't of Veterans Affairs, Case No.:

26. Once Plaintiff and Defendant WILSON returned to their posts at the Alaska VA in Juneau, Defendant WILSON continued his sexually harassing behavior interfering with Plaintiff's ability to do the work required.

27. Plaintiff also learned that Defendant WILSON had a pre-existing and friendly relationship with Defendant HJELMGREN resulting from his prior employment at Alaska VA as a security guard.

28. When Plaintiff complained to Defendant HJELMGREN that Defendant WILSON was yelling at her due to his own errors regarding patient appointment scheduling, Defendant HJELMGREN told Plaintiff to "let him cool off." This conduct continued during Plaintiff's tenure with Alaska VA.

29. Defendant WILSON's harassing conduct included without limitation approaching and entering Plaintiff's office and openly attempting to convince her to have sexual relations with him, blowing kisses, purchasing gifts that Plaintiff told him she did not want and were inappropriate, arguing with her, angrily and aggressively demanding to know why she was making him "look bad" by being friendly to her co-workers and patients, and unplugging Plaintiff's work computer so that she could not complete work properly.

30. Defendant WILSON's sexually harassing conduct primarily took place while their direct supervisor, Defendant HJELMGREN, was out of the office.

31. Defendant HJELMGREN was out of the office for days at a time at least once each month.

32. When Plaintiff confronted Defendant WILSON asking him why he continued to make such lewd, angry and harassing comments and behaviors, he responded, "Because it makes my d**k hard."

33. Plaintiff confronted Defendant WILSON about his offensive conduct and statements. Defendant WILSON responded by asking Plaintiff who would believe her if she reported the conduct.

34. Plaintiff reported Defendant WILSON's conduct to Edward Williams, a social worker at the Alaska VA.

35. Plaintiff reported Defendant WILSON's conduct to Michael Addo, an LPN at the Alaska VA.

36. Plaintiff reported Defendant WILSON's conduct to Venus Woods, an LPN at the Alaska VA who assisted Plaintiff in an unsuccessful attempt to move her desk to avoid Defendant WILSON's ability to see her during the workday.

37. The Alaska VA maintains a Patient Advocate and other patient feedback tools.

38. Defendant WILSON instructed several patients to lodge formal complaints against Plaintiff with the Alaska VA's patient feedback system.

39. On or about June 20, 2017, Plaintiff asked Defendant HJELMGREN to allow Plaintiff to move out of her office and give it to Defendant WILSON.

40. Defendant HJELMGREN asked why Plaintiff wished to give her office to Defendant WILSON.

41. Plaintiff informed Defendant HJELMGREN that she was asking this because she hoped it would reduce Defendant WILSON's sexual harassment or he would finally leave her alone completely.

42. Defendant HJELMGREN refused Plaintiff's request stating that she "had to keep an eye on him."

43. On or about July 10, 2017, Defendant WILSON entered Plaintiff's office. Defendant HJELMGREN out of the office at the time. Defendant WILSON proceeded to angrily interrogate Plaintiff asking again why she was trying to make him "look bad" by interacting pleasantly with her co-workers. Plaintiff stated that she did not wish to speak with him and rose to leave her office. Defendant WILSON, who is approximately 6 feet 5 inches tall, blocked Plaintiff's exit. Defendant WILSON pushed Plaintiff back up against the wall of her office and pressed his body against her. Defendant WILSON's body was pressed up against Plaintiff's breasts.

44. That same day, Plaintiff telephoned Mr. Williams who promised to call her back the next morning. He never returned Plaintiff's call as he promised.

45. Because Defendant HJELMGREN was out of the office, Plaintiff could not discuss the assault with her.

46. When Defendant HJELMGREN returned to the office approximately four days later, on or about July 14, 2017, Plaintiff discussed the assault with her. Defendant HJELMGREN took no notes and did not record the meeting.

47. On or about July 25, 2017, Defendant HJELMGREN entered Plaintiff's office with Defendant WILSON. Defendant HJELMGREN eventually asked Defendant

9

WILSON to leave. Defendant HJELMGREN then told Plaintiff that her services were no longer needed.

48. Plaintiff discussed her complaints with a counselor on or about July 27, 2017.

49. On August 10, 2017, Defendant HJELMGREN met with Plaintiff and her union representative. Defendant HJELMGREN informed Plaintiff that she would be needed for two more weeks making her last day of work August 25, 2017.

50. At the August 10, 2017 meeting, Plaintiff asked Defendant HJELMGREN if she was sure that she wanted Plaintiff to work an additional two weeks since the reason Defendant HJELMGREN gave for her termination was incompetence.

## FIRST CLAIM FOR RELIEF
*(Violations of Title VII – Willful Discrimination)*

51. Plaintiff incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. Plaintiff belongs to a protected class based on her sex.

53. Plaintiff was qualified for the job with Defendant.

54. Defendant fired Plaintiff despite her qualifications and Defendant WILSON's clear violations of Alaska VA's policies against sexual harassment.

55. Defendant was motivated to discriminate against Plaintiff, in part, by its attitudes about her gender.

56. Defendant's actions toward Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

57. Defendant's conduct discriminated against Plaintiff on the basis of her gender in violation of Title VII.

58. As a direct, proximate and foreseeable result of the Defendant's intentional actions in this regard, the Plaintiff suffered damages, including lost wages and benefits, diminished reputation and other pecuniary losses, and emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## SECOND CLAIM FOR RELIEF
*(Violations of Title VII – Sexual Harassment)*

59. Plaintiff incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

60. While employed with Defendants Alaska VA, VA and USA, Plaintiff was subjected to harassment by Defendant WILSON on account of her sex.

61. The sexual harassment was both objectively and subjectively offensive and severe.

62. The conduct was unwelcomed and was directed at Plaintiff because of her gender.

63. The conduct was sufficiently severe and/or pervasive so as to alter the terms and conditions of Plaintiff's employment by creating a hostile work environment under both a subjective and objective standard.

64. Plaintiff took reasonable steps to report the sexual harassment to her supervisor, Defendant HJELMGREN, and others at Alaska VA.

65. Defendants Alaska VA, VA and USA failed to take reasonable actions to

11

Lancaster v. Dep't of Veterans Affairs, Case No.:

stop the sexual harassment despite knowing of the harassment.

66. Defendants WILSON, HJELMGREN, Alaska VA, VA and USA conduct violated 42 U.S.C. § 2000e-3(a) of Title VII.

67. As a direct, proximate, and foreseeable result of Defendant's intentional violations of Plaintiff's rights under Title VII, the Plaintiff has suffered damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
*(Violations of Title VII – Retaliation)*

68. Plaintiff incorporates by reference paragraphs 1 through 67 as if fully set forth herein.

69. Plaintiff participated in statutorily protected opposition to Title VII discrimination by complaining about harassment based on her sex.

70. As a result of Plaintiff's protected opposition to harassment, Defendants WILSON, HJELMGREN, Alaska VA, VA, and USA retaliated against her by subjecting her to less favorable terms and conditions of employment as described in this Complaint, including termination.

71. Defendants WILSON, HJELMGREN, Alaska VA, VA, and USA's actions taken against Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

72. Defendants WILSON, HJELMGREN, Alaska VA, VA, and USA's conduct violated 42 U.S.C. § 2000e-3(a) of Title VII.

73. As a direct, proximate and foreseeable result of the Defendant's intentional actions in this regard, the Plaintiff suffered damages, including lost wages and benefits, diminished reputation and other pecuniary losses, and emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## FOURTH CLAIM FOR RELIEF
*(Violations of the Alaska Stat. § 18.80.200, et seq.- Discrimination)*

74. Plaintiff incorporates by reference paragraphs 1 through 73 as if fully set forth herein.

75. All Defendants and each of them, Defendants' employees, and agents unlawfully discriminated against Plaintiff by harassing her during the course of her employment because of her sex.

76. The actions of all Defendants and each of them were unlawful, intentional, willful, and done in reckless disregard of Plaintiff's legal rights as protected by the Alaska Stat. § 18.80.200, *et seq*.

77. Plaintiff demonstrated a pattern of opposition to the unlawful harassment, retaliation, and discrimination that she experienced based upon her sex while employed by Defendant.

78. The conduct of all Defendants and each of them as described herein constituted a discriminatory or unfair employment practice in violation of Alaska Stat. § 18.80.200, *et seq*.

79. As a direct, proximate and foreseeable result of the intentional actions of all Defendants and each of them in this regard, the Plaintiff suffered damages, including lost wages and benefits.

## FIFTH CLAIM FOR RELIEF
*(Violations of the Alaska Stat. § 18.80.200, et seq. – Sexual Harassment)*

80. Plaintiff incorporates by reference paragraphs 1 through 79 as if fully set forth herein.

81. Plaintiff was subjected to harassment by all Defendants and each of them on account of her sex.

82. The sexual harassment was both objectively and subjectively offensive and severe.

83. The sexual harassment was sufficiently severe or pervasive that it amounted to a change in the terms and conditions of Plaintiff's employment creating a hostile work environment.

84. Plaintiff filed a complaint with the appropriate authority in the workplace.

85. All Defendants and each of them failed to initiate a reasonable investigation and take prompt remedial action.

86. Defendant's conduct as described herein constituted a discriminatory or unfair employment practice in violation of Alaska Stat. § 18.80.200, *et seq*.

87. As a direct, proximate and foreseeable result of the Defendant's intentional actions in this regard, the Plaintiff suffered damages, including lost wages and benefits.

## SIXTH CLAIM FOR RELIEF
*(Violations of the Alaska Stat. § 18.80.200, et seq. - Retaliation)*

88. Plaintiff incorporates by reference paragraphs 1 through 88 as if fully set forth herein.

89. Plaintiff engaged in statutorily protected opposition to harassment by complaining about the treatment she was experiencing and the policy violations of her co-worker.

90. As a result of Plaintiff's protected opposition to discrimination, Defendant retaliated against her by subjecting her to less favorable terms and conditions of employment, including termination.

91. The actions taken by all Defendants and each of them against Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

92. A reasonable employee would have found said actions to be materially adverse.

93. There is a causal connection between the protected activity of complaining and the materially adverse action.

94. The conduct of all Defendants and each of them as described herein constituted a discriminatory or unfair employment practice in violation of Alaska Stat. § 18.80.200, *et seq*.

95. As a direct, proximate and foreseeable result of the Defendant's intentional actions in this regard, the Plaintiff suffered damages, including lost wages and benefits.

Lancaster v. Dep't of Veterans Affairs, Case No.:

## **SEVENTH CLAIM FOR RELIEF**
*(Breach of Contract)*

96. Plaintiff incorporates by reference paragraphs 1 through 95 as if fully set forth herein.

97. Plaintiff and Defendants Alaska VA, VA, and USA entered into an employment agreement whereby Defendants Alaska VA, VA, and USA promised not to discriminate on the basis of gender by way of its company policies or retaliate against employees for filing discrimination complaints.

98. The employment agreement entered into between the parties set forth each party's rights, duties, and obligations upon which the employment relationship was to continue.

99. Employees were to report discrimination and harassment, whether observed or experienced, to a supervisor, member of management, or human resources representative.

100. Plaintiff performed her part of the agreement by satisfactorily performing in her position and reporting her concerns and claims of sexual harassment to her supervisors, management, and Defendant's Human Resources representative.

101. All Defendants and each of them breached the Parties' employment agreement by discriminating against the Plaintiff on the basis of her gender, and by retaliating against her following the Plaintiff's complaints about harassment and discrimination in the workplace, which breach has resulted in damages to Plaintiff in an amount to be determined at trial.

Lancaster v. Dep't of Veterans Affairs, Case No.:

## NINTH CLAIM FOR RELIEF
*(Promissory Estoppel)*

102. Plaintiff incorporates by reference paragraphs 1 through 101 as if fully set forth herein.

103. Plaintiff and Defendants Alaska VA, VA, and USA entered into an employment agreement whereby Defendant promised not to discriminate on the basis of gender and not to retaliate against Plaintiff for making complaints about harassment or discrimination.

104. Defendants Alaska VA, VA, and USA should reasonably have expected Plaintiff would consider these promises as a commitment from Defendant.

105. In reasonable reliance upon the Defendants Alaska VA, VA, and USA's promises not to discriminate against Plaintiff and to not retaliate against her, Plaintiff remained working for Defendants Alaska VA, VA, and USA and did not actively seek other employment, to Plaintiff's detriment.

106. Injustice can only be avoided by enforcement of the Defendants Alaska VA, VA, and USA's promises and commitments to maintain a workplace free of gender-based harassment and retaliation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a judgment to be entered in her favor and against all Defendants and each of them, and Order the following relief:

    a. Front pay and benefits in lieu of reinstatement;

    b. Back pay, benefits, and other economic losses;

c. Compensatory damages, including but not limited to those for emotional distress;

d. Liquidated damages on all claims allowed by law;

e. Punitive and exemplary damages as allowed by law;

f. Relevant statutory damages;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Attorney fees and costs of this action, including expert witness fees, as available by law; and,

i. Any such further relief allowable by law or as justice requires.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable in the instant action.

Respectfully submitted on May 20, 2020.

> David H. Savidge, Esq.
> BRYAN E. KUHN, COUNSELOR AT LAW, P.C.
> Attorneys for Plaintiff Beverly Lancaster
>
>
> */s/ David Holt Savidge*
> David H. Savidge, Esq. *Pro Hac Vice*, CO # 38658
> 1660 Lincoln Street, Suite 2330
> Denver, Colorado 80264
> (p) (303) 424-4286 (f) (303)425-4013
> David.Savidge@beklegal.com

## VERIFICATION

I declare under penalty of perjury that I have read this above Verified Complaint and the statements contained in it are true and correct to the best of my knowledge and belief.

Date: May 19, 2020

*Beverly Lancaster*
Beverly Lancaster


19 Subscribed and sworn to before me in the county of Juneau, State of Alaska, this ___ day of May 2020.

My commission expires on: 11/20/2020

*[Notary signature]*
Notary

[Notary Seal: JANET JOHNSON, NOTARY PUBLIC, STATE OF ALASKA]

19